UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

IN RE CONTEMPT PROCEEDINGS
FOR DERON COLEMAN

Case No. 12-MISC-6

UNITED STATES TRUSTEE,

      Interested Party.

ORDER REFERRING MATTER TO U.S. ATTORNEY FOR CONSIDERATION OF
WHETHER TO PROSECUTE FOR CRIMINAL CONTEMPT

On January 25, 2012, U.S. Bankruptcy Judge Pamela Pepper found Deron Coleman in civil contempt, imposed penalties, and barred Coleman from providing petition preparer services of any kind in the Eastern District of Wisconsin. In the same order, Judge Pepper certified her factual findings to the district court for consideration of whether Coleman should be held in criminal contempt. *In re Fletcher*, No. 11-33056-00, slip op. at 2 (Bankr. E.D. Wis. filed Jan. 25, 2012).

In her order, Judge Pepper found that Coleman failed to place his social security number on the petition in violation of 11 U.S.C. § 110(c)(1). In addition, she found that Coleman engaged in false and deceptive practices in telling the debtor that her filing fee would be waived and that he could get her car payments lowered. Finally, Judge Pepper ordered Coleman to refund the $175 fee he received from the debtor and fined Coleman $250 for violating the provisions of 11 U.S.C. § 110.

By letter dated February 3, 2012, Coleman asserted that he placed all nine digits of his social security number on the debtor's petition. He also requested an explanation regarding

the refund of the $175 fee and $250 fine. Coleman indicated that he had the money orders but wanted an understanding before they were delivered.

On February 8, 2012, Judge Pepper issued an amended order granting petition preparer's motion to reconsider and modifying penalties. She acknowledged that Coleman placed his full nine-digit social security number on the debtor's petition and that she should not have penalized him in this case for the violation of 11 U.S.C. § 110(c)(1). However, Judge Pepper continued to find that Coleman committed fraudulent, unfair, and deceptive acts, and described a pattern of conduct by Coleman with respect to filings in her court. For these reasons, Coleman was required to refund the $175 to the debtor by March 2, 2012, and to pay a $250 fine. The bankruptcy court's docket does not indicate that the fine was paid.

In a non-core proceeding, a bankruptcy judge files proposed findings of fact. Fed. R. Bankr. P. 9033(a). Parties may file objections to the proposed findings within fourteen days. Fed. R. Bankr. P. 9033(b).

Following Judge Pepper's amended order of civil contempt and the findings that were certified to this court, the time for Coleman to object to Judge Pepper's ruling has expired and no request for an extension of time has been filed. Although this court would have reviewed de novo any portion of Judge Pepper's findings to which written objection was made, Fed. R. Bankr. P. 9033(d), when no objection is made this court reviews such findings under the clearly erroneous standard, Fed. R. Bankr. P. 9033 adv. comm. note 1987; Fed. R. Civ. P. 72 adv. comm. note 1987. Accordingly, this court has reviewed the certified findings in this case for clear error.

Federal Rule of Criminal Procedure 42(1) provides for punishment for criminal contempt only after prosecution on notice. Further, the rule indicates that the court must

request prosecution by an attorney for the government. Fed. R. Crim. P. 42(a)(2). Such a request involves referring the case to the U.S. Attorney to consider prosecution. *See In re Maurice*, 69 F.3d 830, 834 (7th Cir. 1995)(forwarding copy of opinion to U.S. Attorney to serve as request to initiate prosecution); *In re Contempt Proceedings for Morrison*, No. 11-MC-68-JPS, slip op. (filed Nov. 30, 2011); *In re Contempt Proceedings for Bess*, No. 11-Misc-35, 2011 WL 4916437 (E.D. Wis. Oct. 17, 2011).

This court sees no error in Judge Pepper's findings of fact and conclusions of law regarding civil contempt and finds them sufficient for a referral to the U.S. Attorney for possible prosecution of criminal contempt. The findings and conclusion are thorough and well reasoned. Therefore,

IT IS ORDERED that the factual findings and conclusions of law contained in Judge Pepper's amended order of February 8, 2012, in Case No. 11-33056-pp regarding Deron Coleman are adopted in their entirety by this court and incorporated herein.

IT IS FURTHER ORDERED that this matter is referred to the U.S. Attorney for the Eastern District of Wisconsin for consideration of whether to prosecute Deron Coleman for criminal contempt of court under 18 U.S.C. § 401 and Fed. R. Crim. P. 42 based on Coleman's conduct in and before the bankruptcy court as described in the adopted findings and conclusions.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE